C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :  **MEMORANDUM DECISION AND**
                                                            :  **ORDER**
          - against -                                       :
                                                            :  16-cr-569 (BMC)
                                                            :
VONDEL NELSON,                                              :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

  Defendant moves for a sentence reduction under 18 U.S.C. § 3582(c), alleging several sentencing errors. He pled guilty to an indictment (no plea agreement) containing three counts of Hobbs Act robbery and one count of brandishing a weapon arising from a series of armed store robberies. His motion raises a number of alleged legal errors in his sentencing but he has already had multiple post-sentencing motions and a request for habeas corpus relief denied. His current motion is denied for the following reasons.

**Sentencing Errors Not Cognizable on Compassionate Release**

  1. As a general matter, sentencing errors cannot constitute the kind of extraordinary and compelling reasons to reduce a sentence under § 3582(c). See United States v. Antney, 17-cr-229, 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021) ("A motion for compassionate release should not be used to attack the legitimacy of a judge's imposed sentence – such an attack is properly brought on direct appeal or in a habeas petition, not in a motion for compassionate release brought under 18 U.S.C. § 3582 (c)(1)(A)." Only when the error is abundantly clear or

conceded by the Government might it rise to the level of an extraordinary and compelling reason for § 3582(c) relief. See United States v. Lopez, 523 F. Supp. 3d 432 (S.D.N.Y. Feb. 26, 2021). For the reasons shown below, defendant's claims do not approach that standard.

**Failure to Exhaust**

2.  Defendant has failed to exhaust his administrative remedies by first seeking relief from the Bureau of Prisons. Exhaustion is a prerequisite to this Court's hearing his arguments for a reduction of sentence. But even if he had exhausted, his arguments have no merit.

**2001 Conviction for Sale of Narcotic Drugs**

3.  Defendant first argues that he was improperly categorized as a career offender under the Guidelines at sentencing based, in part, on a 2001 drug conviction. But I expressly found at sentencing that the career offender Guidelines were much too high and that I was all but disregarding them. In fact, I sentenced him to more than three years below what his Guidelines would have been without the career offender enhancement. Thus, this alleged sentencing error does not constitute an "extraordinary and compelling" reason to reduce his sentence.

4.  In any event, since defendant raised this argument at sentencing, he could have raised it on direct appeal or possibly on habeas corpus. He has therefore waived it.

5.  He also argues that this conviction involved a substance that was not criminalized under federal law. He has given me nothing upon which I could so conclude, and the Government's search of the available records does not substantiate it. It is listed as a "narcotic drug." It is not an extraordinary and compelling reason to reduce his sentence that 23 years later, no one can find a record of what the specific drug was.

**Brandishing a Firearm**

6. Defendant claims he should not have been sentenced for brandishing a firearm without a jury finding that he had brandished a firearm. But he pled guilty and expressly allocuted to brandishing a firearm. There is nothing extraordinary and compelling in not putting that question to a jury under those circumstances.

**Outdated Guidelines Manual**

7. There is no basis for this claim. Because defendant's robberies covered several periods, the parties and I agreed to use the Guidelines manual that used the lowest Guidelines calculation level available. Defendant points to nothing to show that wasn't done.

**§ 3553(a) Factors**

8. Even if defendant had shown an extraordinary and compelling reason to reduce his sentence, he has failed to show that balancing the § 3553(a) factors supports a sentence reduction. Defendant is incorrigible. During each robbery, he held a gun up to the head of a young victim and threatened to kill the victim if what turned out to be relatively small sums of money were not turned over. There is no convincing indication of rehabilitation post-sentencing. Notwithstanding that the Career Guidelines were too high, defendant has spent his entire life as a criminal and I have no reason to believe he is not going to resume his violent conduct whenever he is released. There is no reason to restart that pattern sooner than the expiration of the sentence that I imposed.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
      May 12, 2024